## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## HELENA DIVISION

ROBERT RAY CHISM                                                      PLAINTIFF

v.                              No. 2:07CV00150 JLH

CNH AMERICA LLC, f/k/a NEW HOLLAND
NORTH AMERICA, INC.; and DEWARD W. BIRDSONG        DEFENDANTS

### OPINION AND ORDER

Robert Chism commenced this action in the Circuit Court of Phillips County, Arkansas.

Although Chism and Deward Birdsong are both citizens of Arkansas, New Holland removed to this

Court asserting diversity jurisdiction and contending that Birdsong was fraudulently joined.

Birdsong filed a motion to dismiss followed by a motion for summary judgment.  Chism has

responded to Birdsong's motions and has moved to remand.

### I.

A federal court will not allow a plaintiff to defeat removal by the collusive or fraudulent

joinder of a resident defendant.  *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1984); *Moss*

*v. Am. Alternative Ins. Corp.*, 420 F. Supp. 2d 962, 964 (E.D. Ark. 2006).  A defendant has been

fraudulently joined when there is "'no reasonable basis in fact and law supporting a claim against

the resident defendant[].'"  *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (quoting

*Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002)).  On the other hand, "if there is

a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent."  *Id.*  In

predicting whether state law might impose liability based on the facts of the case, "the district court

should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's

favor."  *Id.* at 811.

## II.

Chism was injured on August 14, 2007, while operating a New Holland hay baler. The complaint alleges that Birdsong had been the president and owner of Birdsong Tractor & Supply, Inc., an Arkansas corporation whose charter was revoked on December 31, 2004; that the corporation was in the business of marketing, distributing, and selling New Holland hay balers; and that Birdsong was the individual who actually sold the hay baler to Chism. Although the complaint is not divided into counts and cites no statutes, it is apparent that Chism alleges that the defendants breached the implied warranties of fitness and merchantability in violation of sections 4-2-314 and 4-2-315 of the Arkansas Code and supplied the hay baler in a defective condition that made it unreasonably dangerous as those terms are defined in the Arkansas Products Liability Act, ARK. CODE ANN. §§ 16-116-101–203. Thus, the issue is whether there is a reasonable basis in law or fact for the allegation that Birdsong may be individually liable as a seller who could breach the implied warranties of fitness and merchantability or as a supplier under the Arkansas Products Liability Act.

Birdsong Tractor & Supply was, of course, the seller under the Uniform Commercial Code and the supplier under the Arkansas Products Liability Act. Chism states, first, that he believes and therefore alleges that Birdsong Tractor & Supply "was merely a legal corporation and not in actuality a separate and distinct entity from Deward Birdsong[,]" and, second, "Deward Birdsong actually negotiated with, bargained, and sold the hay baler that is the subject of this litigation" and therefore "is directly involved in this litigation and subject to suit" because a "corporate agent may be held personally liable for torts committed in the corporate capacity." In summary, Chism seems to argue first that he can pierce the corporate veil and hold Birdsong individually liable, and, in the

alternative, that Birdsong is personally liable as the sales representative who made this particular sale for Birdsong Tractor & Supply.

Generally, officers and members of a corporation may not sue or be sued in their own names. *First Commercial Bank, N.A. v. Walker*, 333 Ark. 100, 110, 969 S.W.2d 146, 151 (1998). Arkansas courts have recognized that a corporation is "'a legal entity which, being distinct from its members, owns the corporate property and owes the corporate debts, is the creditor to sue or the debtor to be sued, has perpetual existence, and can act only through its duly constituted organs, primarily its board of directors.'" *Id.* (quoting *Ark. Iron & Metal Co. v. First Nat'l Bank of Rogers*, 16 Ark. App. 245, 251, 701 S.W.2d 380, 383 (1985)). However, a corporate officer is individually liable if he actively participates in operation of the corporation after the corporate charter has been revoked. *See Bullington v. Palangio*, 345 Ark. 320, 326, 45 S.W.3d 834, 837-38 (2001); *Larzelere v. Reed*, 35 Ark. App. 174, 177, 816 S.W.2d 614, 616 (1991). In this case, Chism purchased the hay baler in 2001, three years before the corporate charter of Birdsong Tractor & Supply was revoked. It is undisputed that Birdsong Tractor & Supply's corporate charter was revoked December 31, 2004. Chism does not argue that Birdsong can be held individually liable based only on the fact that the corporate charter for Birdsong Tractor & Supply was revoked three years after the transaction in question.

A court may disregard the corporate form "where fairness demands it," such as when an individual has not respected the "separateness of the corporate entity" or when the corporate form has been illegally abused to the detriment of a third party. *Heating & Air Specialists, Inc. v. Jones*, 180 F.3d 923, 935 (8th Cir. 1999) (listing circumstances under which Arkansas courts have "pierced the corporate veil" to hold an individual liable instead of a corporation); *see also* Emily A. Lackey,

3

*Piercing the Veil of Limited Liability in the Non-Corporate Setting*, 55 ARK. L. REV. 553, 564-67 (2002).  Under Arkansas law, courts will typically only disregard the corporate entity if there is a "showing of some form of wrongdoing."  *Jones*, 180 F.3d at 935.  Chism does not allege any wrongdoing with respect to the way Birdsong operated his corporation; he alleges no facts to support the allegation that the corporate veil should be pierced.  Although Arkansas law recognizes that the corporate veil may be pierced in some situations, Chism has alleged no facts that would justify piercing the corporate veil here.

Furthermore, there is no reasonable basis in Arkansas law for a claim against Birdsong individually.  Chism argues that in Arkansas an employee of a corporation may be held personally liable if he was personally involved in the event surrounding the injury, and he cites *McGraw v. Weeks*, 326 Ark. 285, 930 S.W.2d 365 (1996), and *Cash v. Carter*, 312 Ark. 41, 847 S.W.2d 18 (1993).  However, neither of those cases held that an employee of the seller is individually liable on a products liability or breach of warranty claim.  In this case, Birdsong was not involved in the actual events that caused Chism's injuries; he was an employee of Birdsong Tractor & Supply and handled the sale of the hay baler on its behalf.

Though Chism was the employee of Birdsong Tractor & Supply who handled the sale, that does not make him the seller for purposes of the warranty provisions of the Uniform Commercial Code as adopted in Arkansas, ARK. CODE ANN. §§ 4-2-312–317, or the supplier under Arkansas Products Liability Act, ARK. CODE ANN. §§ 16-116-101–203.  No Arkansas case has decided whether an employee of a seller or supplier who handles a sale for his employer is also a seller or supplier under these provisions of Arkansas law.  However, other courts have held that employees who sell products to consumers on behalf of their employers are not in the business of selling those

products and therefore are not suppliers or sellers.  *See McCurtis v. Dolgencorp., Inc.*, 968 F. Supp. 1158, 1160-61 (S.D. Miss. 1997) (no reasonable basis exists for predicting that state law might impose strict liability on employees of businesses that sell products to consumers; the businesses are the sellers, not the employees); *Cook v. Safeway Stores, Inc.*, 330 P.2d 375, 376 (Okla. 1958) (the employee of the retailer who actually makes the sale ordinarily is not liable on an implied warranty unless the agent personally undertakes to warrant the product); *see also* AMERICAN LAW OF PRODUCTS LIABILITY 3d § 5:45 (1987 & Supp. 2008) (the "sellers" are the businesses, not the employees who act as agents).  There is no reasonable basis for believing that the Supreme Court of Arkansas would hold that an individual employee of a person or entity who is a seller under the Uniform Commercial Code or a supplier under the Arkansas Products Liability Act would be liable, along with the employer, as a seller under the warranty provisions of the Uniform Commercial Code or as a supplier under the Arkansas Products Liability Act.

## CONCLUSION

There is no reasonable basis for any claim against Deward Birdsong as an individual under Arkansas law.  Chism's motion to remand is denied.  Document #11.  Birdsong's motion to dismiss is granted.  Documents #4, #7.  Since Birdsong's motion to dismiss has been granted, the summary judgment motion is moot.  Document #17.

IT IS SO ORDERED this 20th day of February, 2008.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE