**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**ROBERT RAY CHISM**                                                                              **PLAINTIFF**

**VS.**                                        **NO. 2:07CV00150 (JTR)**

**NEW HOLLAND NORTH AMERICA, INC.,
NOW KNOWN AS CNH AMERICA LLC**                                        **DEFENDANTS**

## BRIEF IN SUPPORT OF CNH'S MOTION FOR TAXATION OF COSTS

CNH has filed a Motion for Taxation of Costs pursuant to Rule 54(d) of the Federal Rules

of Civil Procedure and 28 U.S.C. § 1920, and it claims $18,657.42 as costs taxable against the

plaintiff Robert Ray Chism.  CNH submits this brief to support the claimed costs.

I.        **INTRODUCTION.**

Rule 54(d) of the Federal Rules of Civil Procedure states that "costs should be allowed to

the prevailing party," unless a federal statute, the rules, or a court order provides otherwise.  FED.

R. CIV. P. 54(d) (2009).  "A prevailing party is presumptively entitled to recover all of its costs . .

. The losing party bears the burden of overcoming the presumption that the prevailing party is

entitled to costs . . . ."  168th and Dodge, LP v. Rave Reviews Cinemas, LLC, 501 F.3d 945, 958

(8th Cir. 2007) (citations omitted).

To determine what costs are taxable under Rule 54(d), courts use the list of costs in 28

U.S.C. § 1920.  Brisco-Wade v. Carnahan, 297 F.3d 781, 782 (8th Cir. 2002).  In addition to statutes

and interpretative case law regarding the taxability of costs, the Eighth Circuit has also approved

of and relied upon The Bill of Costs Handbook (hereinafter "The Handbook"), produced by the U.S.

District Court for the District of Nebraska and available at the following internet address:

https://ecf.ned.uscourts.gov/internet/info/Taxation.pdf.  See 168th and Dodge, 501 F.3d at 958;

Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 762-63 (8th Cir. 2006).  Under the applicable statutes and all interpretative materials, CNH's claimed costs are properly taxable against the plaintiff.

## II.      FEES OF THE CLERK.

The filing fee for filing a Notice of Removal is properly taxable under 28 U.S.C. § 1920(1). McGuigan v. CAE Link Corp., 155 F.R.D. 31, 37 (N.D.N.Y. 1994); Card v. State Farm Fire and Cas. Co., 126 F.R.D. 658, 660 (N.D. Miss. 1989), aff'd 902 F.2d 957 (5th Cir. 1990).  See also The Handbook, sec. II.A.1.a.  The removal fee is a fee collected by the clerk of the court, and § 1920 specifically provides that "[f]ees of the clerk and marshal" are taxable.  Thus, the fee paid by CNH to remove the case to federal court is properly taxable against the plaintiff.

## III.     DEPOSITION EXPENSES.

Regarding deposition costs, the general rule is that costs related to the recording of deposition testimony are taxable as long as the taking of the deposition seemed reasonably necessary at the time it was taken.  Zotos v. Lindbergh School Dist., 121 F.3d 356, 363 (8th Cir. 1997).  In addition to the cost of a stenographic transcript, the cost of videotaping a deposition is also taxable. Craftsmen Limousine, Inc. v. Ford Motor Co., 579 F.3d 894, 897-98 (8th Cir. 2009).  Further, even if a deposition was not introduced as evidence during trial, the costs associated with the deposition are taxable if (1) it was relied upon for cross-examination or impeachment purposes, or (2) it was useful in "assisting a resolution of the contested issues."  The Handbook, sec. II.B.

The depositions listed in CNH's Bill of Costs were all reasonably necessary at the time they were taken.  None of the listed depositions was taken solely for investigative purposes, and the deposition testimony of most of the listed deponents was used at trial either in designations or for

cross-examination purposes.  CNH has not claimed charges related to plaintiff's withdrawn expert, Robert Aherin, nor CNH's withdrawn expert, Ralph Shirley.  Based on the above-mentioned authorities, all the claimed costs for recording deposition testimony are properly taxable against the plaintiff.

IV.     **WITNESS FEES.**

CNH's claim for witness fees are properly recoverable under §§ 1920 and 1821.  First, CNH claims witness fees and subsistence fees for each day a witness attended trial, plus one day required for travel.  28 U.S.C. § 1821(b) & (d) (2006).  Nelson v. Darragh Co., 120 F.R.D. 517, 519 (W.D. Ark. 1988).  As specifically stated in § 1821, the daily witness fee is $40 per day, and the daily subsistence allowance is the maximum per diem allowance for federal government employees.  The subsistence rate applicable here is $116 per day ($70 for lodging and $46 for meals and incidental expenses).  See IRS Publ. 1542, "Per Diem Rates" (October 2009) & Exhibit "A" attached hereto. See also The Handbook, Attachment 2.  As directed by these authorities, CNH's claim for subsistence fees during the day of travel does not include fees for lodging..

Second, CNH also claims mileage expenses it paid its trial witnesses.  28 U.S.C. § 1821(c)(2) (2006).  The applicable mileage rate is $0.50 per mile.  See Exhibit "B" attached hereto.  Mileage expenses are expressly provided for in § 1821, and thus, they are properly taxable.

Finally, CNH claims the cost of airfare it paid its trial witnesses.  28 U.S.C. § 1821(c)(1) (2006).  Airfare is categorized as an expense for "travel by common carrier," and it is a taxable cost as long as the fare is the most economical rate reasonably available.  Id.  See Beraha v. C.R. Bard, Inc., 870 F. Supp. 1085, 1092 (N.D. Ga. 1994), aff'd 64 F.3d 678 (11th Cir. 1995); Hemmerick v. Chrysler Corp., 769 F. Supp. 525, 530-31 (S.D.N.Y. 1991), aff'd 952 F.2d 393 (2d Cir. 1991); Bank

of America v. Loew's Intern. Corp., 163 F. Supp. 924, 928 (D.C.N.Y. 1958).   Like mileage expenses, "travel by common carrier" is specifically provided for in § 1821, and the costs CNH paid its trial witnesses for airfare are thus properly taxable against the plaintiff.

### V.      TRIAL EXHIBITS.

CNH also incurred costs for creating trial exhibits and blow-ups.  These trial exhibits were necessarily obtained for use in the case, and their cost is taxable under § 1920(4).  Crues v. KRF Corp., 768 F.2d 230, 234 (8th Cir. 1985).  The primary issue in this case involved the design details of a complex piece of agricultural machinery.   In order for counsel for both parties and their respective expert witnesses to explain their positions to the jury, it was necessary to enlarge pictures and diagrams of the machine and its various labels.  Without these enlargements, it would have been nearly impossible for either party to adequately convey their points to the jury.  CNH as the prevailing party is therefore authorized under § 1920(4) to recover its costs for obtaining these trial exhibits and blow-ups.

### VI.      CONCLUSION.

For the foregoing reasons, CNH is justified in claiming all the expenses listed in its Bill of Costs, and the Clerk should be directed to tax those expenses against the plaintiff.

Respectfully submitted,

J. V. Phelps  (Bar No. 74122)
Jeffrey W. Puryear (Bar No. 93109)
Dustin H. Jones (Bar No. 2001214)
WOMACK, LANDIS, PHELPS & McNEILL, P.A.
P. O. Box 3077
Jonesboro, AR 72403
(870) 932–0900
jphelps@wlpmlaw.com
jpuryear@wlpmlaw.com
djones@wlpmlaw.com


By____/s/ J. V. Phelps_____
         Attorneys for Defendant

## CERTIFICATE OF SERVICE

        I hereby certify that on March 23, 2010, I electronically filed the foregoing with the
Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the
following:

Louis A. Etoch
Louis Etoch Law Firm 727 Cherry Street
P.O. Box 100
Helena, AR 72342
louis@etochlaw.com

Douglas H. Morris
Lea A. Player
Adrienne Worsham Kim
Morris & Player PLLC
1211 Herr Lane, Suite 205
Louisville, KY 40222
dhm@morrisplayer.com
lap@morrisplayer.com
awk@morrisplayer.com


 /s/ J. V. Phelps_____
J.V. Phelps