**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

ROBERT RAY CHISM                                                    PLAINTIFF


VS.                              2:07CV00150 JTR


NEW HOLLAND NORTH AMERICA, INC.,
NOW KNOWN AS CNH AMERICA LLC                         DEFENDANT


## ORDER

### I.  Introduction

Following a six-day jury trial that began on March 8, 2010, the jury returned a defense verdict

in favor of CNH America LLC ("CNH").  (Docket entry #193).  Accordingly, on March 15, 2010,

the Court entered a Judgment in favor of CNH.  (Docket entry #197).

On March 23, 2010, CNH filed a Motion for Taxation of Costs (docket entry #197) and a Bill

of Costs.  (Docket entry #199).  CNH requests a total award of $18,657.42.   Plaintiff has filed a

Response (docket entry #205) objecting to the Court awarding CNH its costs and CNH has filed a

Reply (docket entry #208). Thus, the issues are joined and ready for disposition.

For the reasons discussed below, CNH's Motion will be granted in part, and denied in part.

### II.  Discussion

**A.      Overview of the Law Governing the Taxation of Costs**

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than

attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise

directs."  Pursuant to Rule 54(d)(1), "a prevailing party is presumptively entitled to recover all of

its costs." *Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006) (*citing In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005)). "Despite this presumption, however, the district court has substantial discretion in awarding costs to a prevailing party." *Greaser v. State Dept. of Corrections*, 145 F.3d 979, 985 (8th Cir. 1998). "These awards . . . must fit within 28 U.S.C. § 1920, which enumerates the costs that a district court may tax." *Little Rock Cardiology Clinic P.A. v. Baptist Health*, 591 F.3d 591, 601 (8th Cir. 2009) (*citing Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987)).

Pursuant to statute, the following categories of trial expenses may be taxed as costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.   "District courts have broad discretion over the award of costs to a prevailing party under § 1920[.]" *Little Rock Cardiology*, 591 F.3d at 601.

**B.     Analysis of Plaintiff's Argument That CNH Is Not Entitled to Recover Its Costs**

According to Plaintiff, the Court should deny CNH's Motion, in its entirety, because: (1) Plaintiff filed and prosecuted this action in good faith; (2) the case was "close and difficult;" and (3) an award of costs would work a substantial hardship on Plaintiff.  In support of his position, Plaintiff

cites *White & White v. Ann Hospital Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). In that case, the district court denied the prevailing party's request for $126,820.58 in costs it incurred in defending an antitrust action. In affirming the district court, the Sixth Circuit noted that the good faith of an unsuccessful litigant is a relevant factor in the exercise of discretion under Rule 54(d).

Plaintiff also cites *Goostree v. State of Tennessee*, 796 F.2d 854 (6th Cir. 1986), where the defendant prevailed in a civil rights action but the trial court denied its request for costs. The Court noted that costs may be properly denied "where taxable expenditures by the prevailing party are unnecessary or unreasonably large, where the prevailing party should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues, or where the case is close and difficult."

Finally, Plaintiff argues that the Court should "deny costs as it would work a substantial hardship upon Plaintiff by increasing his overall cost to pursue this action, particularly here where CNH seeks to recover such a substantial amount." (Docket entry #206 at 3).

Assuming that the Eighth Circuit would rely on the same factors identified by the Sixth Circuit in *White* and *Goostree*, those factors simply do not weigh in favor of an outright denial of CNH's Motion for Costs. The Court has no doubt that Plaintiff and his attorneys filed and prosecuted this action in good faith. However, as the Sixth Circuit noted, "[g]ood faith without more . . . is an insufficient basis for denying costs to a prevailing party." *See White & White*, 786 F.2d at 731. While there were some hotly disputed evidentiary issues concerning the admissibility of other incidents and certain expert testimony, the majority of the legal issues in this case were straightforward and involved settled principles of Arkansas products liability law. Furthermore, the facts of this case were essentially undisputed.

Plaintiff's counsel did an outstanding job of working with the facts they were given. Those

facts included two harmful admissions by Plaintiff during his deposition: (1) he admitted being at fault for the accident "but am I 20 percent guilty, 80 percent guilty. I don't have a clue;"[1] and (2) he knew he was not supposed to climb on the hay baler to remove material buildup while the PTO was engaged and the tractor was running.[2] These admissions made the case *not* very "close" and "difficult" only in the sense that it presented Plaintiff's counsel with long odds of winning.

With respect to the contention that an award of costs would work a substantial hardship on Plaintiff, he has come forward with no facts to support this assertion.[3]   *Compare Ellis v. Grant Thornton*, LLP, 2010 WL 1379795 (S.D. W. Va. March 31, 2010) (awarding $68,983.70 in requested costs would work a substantial hardship on a losing party who had a $52,630 yearly salary at the time of trial and had since retired — "Given that the amount of costs was more than his yearly salary before retirement, it is clear that having to pay costs in this amount would work a substantial hardship[.]")

Thus, the Court concludes that there is no legal or factual basis for denying CNH's Motion for Costs in its entirety.

**C.      Analysis of CNH's Itemized Requests for Costs**

**1.      Removal Fee**

CNH requests the $350.00 fee it paid to remove this action from the Phillips County Circuit

---

[1]Docket entry #72-8 at 99.

[2]Docket entry #72-8 at 80-83.

[3]To the contrary, in deposition testimony Plaintiff indicated that he earned a six-figure salary for many years while working overseas in the chemical refinery industry. (Docket entry #72-8 at 12). Several years before his injury, Plaintiff retired from the chemical industry to work on his farm raising hay and cattle. *Id.* At the time of trial, he was 67 years old. (Docket entry #72-8 at 5).

4

Court.  Plaintiff argues that the removal fee is not a taxable cost pursuant to the Eighth Circuit's

holding in *Pershern v. Fiatallis North America, Inc.*, 834 F.2d 136, 139-40 (8th Cir. 1987).  In that

case, the Court held that a *removal bond premium* was not a taxable cost.  CNH correctly points out

that the removal statute was amended in 1988 to eliminate the requirement of a removal bond.

Moreover, the removal fee required by 28 U.S.C. § 1446(d) has been explicitly recognized as a

taxable "fee of the clerk" under 28 U.S.C. § 1920(1). *See McGuigan v. CAE Link Corp.*, 155 F.R.D.

31, 37 (N.D.N.Y. 1994); *Raio v. American Airlines, Inc.*, 102 F.R.D. 608, 611 (E.D. Pa 1984).

Accordingly, the Court concludes that CNH is entitled to recover the $350 removal fee under

§ 1920(1).

2.    **Deposition Costs**

CNH requests deposition costs for "printed or electronically recorded transcripts necessarily

obtained" for use in the case. *See* 28 U.S.C. § 1920(2).  CNH has itemized these deposition costs

as follows:

|  | Transcription | Video |
|---|---|---|
| Arthur Adams and Robert Ray Chism | $853.01 | $964.31 |
| Gerald Harris | $1,364.06 | $545.33 |
| Gary Krutz | $567.44 | $550.00 |
| Russ Marhefka | $624.70 | $150.00 |
| Edward "Skip" Martin | $514.80 | N/A |
| Kevin Sevart | $1,092.25 | $1,031.24 |
| C. J. Walden | $649.20 | $427.00 |
| George Wood | $167.05 | $100.00 |
| John Merritt | $644.10 | $300.00 |
| Cecil Sudbrack | $202.35 | Combined w/ Merritt |
| Ron McAllister | $963.30 | $330.00 |
|  | $7,642.26 | $4,397.88 |

(Docket entry # 199 at 1).

5

Plaintiff objects to CNH's request for *both* stenographic transcripts *and* video recording costs. Plaintiff argues that, pursuant to the 2008 amendment to § 1920(2), costs are available for one or the other, but not both. The pre-2008 version of § 1920(2) stated the following:

> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case[.]

In 2008, the subsection was amended and now reads as follows:

> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]

Plaintiff argues that the statute's use of the disjunctive "or" now precludes a prevailing party from recovering both printed and video-recording costs. In support of his position, Plaintiff cites *EEOC v. Boot*, 2010 WL 520564 (N.D. Iowa Feb. 9, 2010) (unpublished decision) ("In light of the use of the disjunctive in the amended language [of § 1920(2)], the court determines that costs are taxable for either stenographic transcription *or* videotaped depositions — not both . . . [i]t would be contrary to the plain language  of § 1920 to allow [the prevailing party] to recover costs for both stenographic transcripts and video costs for the same depositions.") (emphasis in original) (internal citations omitted).

The only other case the Court has found directly addressing this issue is in accord with *Boot*. *See Thomas v. Newton*, 2009 WL 1851093 (E.D. Mo. 2009) ("In light of the use of the disjunctive in this amended language [of § 1920(2)], the undersigned determines costs to be taxable for either stenographic transcription *or* video-recording of depositions, but not both.") (emphasis in original) (*citing United States v. Smith*, 35 F.3d 344, 346 (8th Cir.1994) ("The ordinary usage of the word 'or' is disjunctive, indicating an alternative. Construing the word 'or' to mean 'and' is conjunctive, and is clearly in contravention of its ordinary usage.")).

In support of its position that both printed and video costs are recoverable under § 1920(2),

CNH cites *Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 897-98 (8th Cir. 2009).  In

that case, the losing party in an antitrust action appealed the district court's decision to award the

prevailing party "video-deposition expenses."[4]  The Eighth Circuit was required to decide whether

the pre-2008 version of § 1920(2), which only expressly allowed for the recovery of costs for "the

stenographic transcript," permitted the prevailing party to recover the costs of video-recording.

*Craftsmen*, 579 F.3d at 896.  In holding that it did, the Court noted that other Circuit Courts of

Appeal also agreed, and that the 2008 amendment to §1920(2) expressly permitted the recovery of

fees for "electronically recorded transcripts."  *Craftsmen*, 579 F.3d at 897-98.  However, the Court's

decision did not address whether *both* printed and video-recording costs are recoverable for the same

deposition under the current version of the statute.

On its face, the use of the disjunctive "or" in § 1920(2) makes it clear that the prevailing

party has to make a choice between recovering the costs of the printed transcript of a deposition or

the cost of video-recording it.[5]   Thus, the Court agrees with the holdings in *Boot* and *Newton* and

will allow CNH to recover only the costs of the transcripts of those depositions.

While Plaintiff does not dispute that the depositions were "necessarily obtained for use in the

case,"[6] he contends that some of those costs are not "authorized expenses" under § 1920(2).  CNH

---

[4]The Court's opinion in *Craftsmen* does not indicate whether the district court also awarded printed deposition expenses.

[5]Because the stenographic costs associated with CNH's depositions are all greater than the video-recording costs, the Court assumes that CNH would chose to recover the stenographic costs over its video-recording costs.

[6]All of the depositions were of witnesses who testified live at trial or through deposition testimony.

seeks to recover the invoiced "costs" submitted by the various court reporters who took those depositions.  These invoices include charges for delivery and fees for producing the transcripts in various electronic formats.

The Eighth Circuit had held that § 1920(2) does not authorize "postage and delivery expenses." *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879 (8th Cir. 2006).  Additionally, courts have rejected awarding the expense of obtaining depositions in multiple electronic formats, absent a showing of some necessity.  *See Asphalt Supply & Serv., Inc. v. United States*, 75 Fed. Cl. 598 (Fed. Claims Ct. 2007) ("the cost of additional copies on computer diskette or in condensed format must be reviewed for necessity, as opposed to convenience"); *Cook v. United States*, 2005 WL 6142352 (Fed. Cl. 2005) (unpublished decision) (declining to tax "additional copies" of deposition transcripts on computer diskette or condensed format); *O'Neal v. Altheimer & Gray*, 2002 WL 31109393 (N.D. Ill. 2002) (unpublished decision) (prevailing party not entitled to cost of deposition transcripts in diskette or "e-transcript" formats).

Based on its review of the court reporters' invoices,[7] the Court awards CNH the following deposition costs under § 1920(2) :

a. Arthur Adams (docket entry #199-2 at 2)

- "original and one copy"        $75.65
                                 $75.65

b. Robert Chism (docket entry #199-2 at 2)

- "appearance fee"               $160.00

---

[7]In its papers, CNH makes no attempt to identify the various deposition expenses reflected in the invoices, other than to concede in its Reply that it is not entitled to "postage and delivery expenses." (Docket entry #208 at 3 n.2).  CNH argues only that the "remaining deposition expenses" were incurred for "recordings that were 'necessarily obtained for use in the case.'" *Id.*

       - "original and one copy"      $449.45
       - "color copies"              <u>$5.00</u>
                                  $614.45

c.      Gerald Harris (docket entry #199-2 at 4)

       - "original and 1 copy"      $1,090.40
       - "Half Day Appearance"    $60.00
       - "Errata Request"         $15.00
       - "Exhibit Copies"         <u>$110.25</u>
                                  $1,275.65

d.      Gary Krutz (docket entry #199-2 at 6)

       - "transcript"             $367.44
       - "appearance"           $150.00
       - "sigt and filing"         <u>$20.00</u>
                                  $537.44

e.      Russ Marhefka (docket entry #199-2 at 8)

       - "Copy of Transcript"      <u>$624.70</u>
                                  $624.70

f.      Edward "Skip" Martin (docket entry #199-2 at 10)

       - "Original Transcript"      $367.50
       - "Attendance Half Day"    $100.00
       - "Exhibits"               $.30
       - "Oath(s)"                <u>$4.00</u>
                                  $471.80

g.      Kevin Sevart (docket entry #199-2 at 11)

       - "Original and 2 Copies"    <u>$1,092.25</u>
                                  $1,092.25

h.      C.J. Walden (docket entry #199-2 at 14)

       - "Original and 1 Certified Copy"  $531.10
       - "Exhibit"               $2.50
       - "Appearance Fee"         <u>$75.00</u>

$608.60

i.    Dr. George W. Wood (docket entry #199-2 at 16)

    - "Transcript Copy"     $141.45
    - "Exhibits"     <u>$15.60</u>
    $157.05

j.    Ronald McAllister (docket entry #199-2 at 20)

    - "Certified Transcript"     <u>$963.30</u>
    $963.30

k.    John Merritt (docket entry #199-2 at 21)

    - "Certified Transcript"     <u>$644.10</u>
    $644.10

l.    Cecil Sudbrack (docket entry #199-2 at 21)

    - "Certified Transcript"     <u>$202.35</u>
    $202.35

Accordingly, CNH is awarded a total of $7,267.34 as the recoverable costs for ordering transcripts of the foregoing depositions.

**3.    Witness Fees**

CNH requests a total of $3,462.28 in witness fees. *See* 28 U.S.C. § 1920(3). The amount recoverable for witness fees is limited by 28 U.S.C. § 1821, which authorizes a daily witness fee of forty dollars, in addition to travel expenses and a subsistence allowance not to exceed the maximum per diem established by the Administrator of General Services.[8]

In its papers, CNH itemizes the following witness fees:

---

[8]The current per diem is $70 per day for lodging and $46 per day for meals and incidental expenses. *See* http://www.gsa.gov.

| NAME/RESIDENCE | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | TOTAL COST |
|---|---|---|---|---|---|---|---|
| Arthur Adams; Helena, AR | 1 day | $40.00 | n/a | n/a | | $30.00 | $70.00 |
| William H. Burke; West Palm Beach, FL Airfare $1,522.00 | 2 days | $80.00 | 2 days | $162.00 | n/a | n/a | $1,764.00 |
| Ron McAllister; Racine, WI Airfare $TBD | 7 days | $280.00 | 7 days | $742.00 | tbd | tbd | $1,022.00 |
| Russ Marhefka, Peachtree City, GA Airfare $337.28 | 2 days | $80.00 | 2 days | $162.00 | 54 | $27.00 | $606.28 |

(Docket entry #199 at 3).[9]  Plaintiff makes two objections to these items of costs.

First, he argues that Mr. Burke's $1,522.00 airfare is unreasonable and not adequately documented.  Because CNH has elected not to submit a statement reflecting the actual costs of Mr. Burke's flight, the Court must assume that the airfare is for a coach round-trip ticket between West Palm Beach, Florida and Memphis, Tennessee on March 14-15, 2010.[10]  Based on the Court's research of online airfares, roundtrip coach tickets in the $600-$800 range are available, even for next-day travel. Thus, on its face, the requested $1,522 airfare is excessive.  The Court will award CNH $700 for Burke's airfare.

Second, Plaintiff objects to the attendance and subsistence fees for Ron McAllister, who was CNH's corporate representative during the trial.  Plaintiff argues that, as both a trial witness and

---

[9]The Court assumes that CNH has abandoned any claim for airfare or mileage for Ron McAllister.

[10]Rather than submitting an airline or travel company's statement reflecting Burke's airfare, CNH has submitted Burke's invoice  which has a line item for "airfare."  (Docket entry #199-2 at 23).

CNH's corporate representative, Mr. McAllister should receive no witness fee, or, alternatively, only a fee for the days he actually testified. *Compare Morrison v. Alleluia Cushion Company, Inc.*, 73 F.R.D. 70, 71 (N.D. Miss.1976) (principal stockholder of corporate defendant who was its corporative representative at trial and not a sequestered witness could not submit his fees and expenses as items of costs); *Ezelle v. Bauer Corp.*, 154 F.R.D. 149 (S.D. Miss. 1994) (awarding corporate representative a witness fee only for the days he testified, not his presence for the entire length of trial).

In its Reply, CNH reduces its requested award for McAllister as follows:

> CNH reduces its claims of witness fees and subsistence expenses for Ron McAllister to $240.00 and $626.00, respectively. Mr. McAllister attended trial for five (5) days preparing to be a witness and was called by the plaintiff to testify on Wednesday and was called by the defendant on Friday. He served the remainder of the time in a corporate representative capacity. Thus, CNH is entitled to recover a total of $866.00 for Mr. McAllister's witness fees and subsistence expenses.

(Docket entry #208 at 3-4) (internal citation omitted). In support of its argument, CNH cites *Bell v. United States*, 2003 WL 260679 (N.D. Ill. 2003) (unpublished decision) (holding that the prevailing defendant's corporate representative could recover for the days preceding his testimony because of the time needed to prepare for his testimony and because the plaintiff indicated that he would be called as a witness on the first day of trial).

In making the fall-back argument that it is entitled to a witness fee for the time period preceding Mr. McAllister's live testimony, CNH fails to mention that his testimony during Plaintiff's case, on Wednesday, March 10, was via his videotaped deposition.[11] Mr. McAllister was not called as a live witness until CNH's case on Thursday, March 11, and his testimony continued on Friday,

---

[11]In Plaintiff's pretrial witness list, he indicated that he would call McAllister as a witness "by deposition." (Docket entry #187).

March 12.

The Court will award CNH a witness fee for the two days of McAllister's live testimony, and one additional day for travel.  Additionally, the Court will award CNH a meal subsistence fee for three days, and a lodging subsistence fee for two days.

Thus, under 28 U.S.C. § 1920(3), the Court awards CNH witness fees as follows:

a.  Arthur Adams (docket entry #199-2 at 22)

- trial attendance (1 day @ $40)     $40.00
- mileage                            $30.00
                                     $70.00

b.  William H. Burke (docket entry #199-2 at 23)

- trial attendance (2 days @ $40)     $80.00

- subsistence
  (2 days for meals @ $46 per day
   and 1 night of lodging @ $70)      $162.00

- travel (airfare $700)               $700.00
                                      $942.00

c.  Ron McAllister

- trial attendance (3 days @ $40)     $120.00

- subsistence

  (3 days for meals @ $46 per day
   and 2 nights of lodging @ $70)     $278.00
                                      $398.00

d.  Russ Marhefka (docket entry #199-2 at 24)

- trial attendance (2 days @$40)      $80.00

- subsistence
  (2 days for meals @ $46 per day

13

|                                              |              |
|----------------------------------------------|--------------|
| and 1 night of lodging @ $70)                | $162.00      |
| - travel (airfare @ $337.28 and mileage @$27.00) | $364.28  |
|                                              | $606.28      |
| TOTAL                                        | $2,016.28    |

### 4.    Exemplification and Copying Costs

CNH requests $2,805.00 in costs for demonstrative enlargements as "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." *See* 28 U.S.C. § 1920(4).

According to the invoice attached to CNH's Bill of Costs, this figure represents the cost for the enlargement and mounting of eighteen items of exhibits, photographs, diagrams, certain deposition testimony, and damages' itemizations. (Docket entry #199-2 at 26-27). In support of its request, CNH cites *Crues v. KRF Corp.*, 768 F.2d 230, 234 (8th Cir. 1985) (remanding for the district court to determine whether enlargements of exhibits were "necessarily obtained for use in the case" under §1920(4)) and *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 763 (8th Cir. 2006) (holding that the Nebraska district court did not abuse its discretion in awarding costs under §1920(4) and the Nebraska District Court Bill of Costs Handbook for some "graphic and visual aids, as well as materials prepared for electronic display" that were "useful," but refusing to award other such costs which were described insufficiently).

Plaintiff objects to CNH's request, arguing that: (1) eleven of the eighteen items were unnecessary and cumulative because they were blow-ups of trial exhibits; (2) the items were not provided to Plaintiff's counsel for review prior to trial; (3) some of the items were not actually used

at trial; and (4) the total amount invoiced to CNH was less than $2,805.[12]  (Docket entry #206 at 7-8).

In support of its objection, Plaintiff cites *Evans v. Fuller*, 94 F.R.D. 311, 315 (W.D. Ark. 1982).  In

that case, United States District Judge H. Franklin Waters held that, because Plaintiff's "failed to

seek prior approval for many of their expenses, [they] are entitled to have only those expenses for

items taxed as costs which were actually introduced or used at the trial. Plaintiffs are directed to

submit an itemization of these items, cross-indexed by exhibit number."

Neither side has presented their arguments with sufficient specificity to allow the Court to

make an item by item determination of whether CNH is entitled to recover costs for each of the

eighteen enlargements.  Given these circumstances, the Court concludes that at least half of these

demonstrative aids or exhibit enlargements were necessary and useful.  Accordingly, under 28 U.S.C.

§ 1920(4), CNH is entitled to half of these requested costs, or $1,402.50.

### III.  Conclusion

IT IS THEREFORE ORDERED THAT Defendant's Motion for Taxation of Costs (docket

entry #197) is GRANTED, IN PART, and DENIED, IN PART.  Defendant CNH America LLC is

hereby awarded $11,036.12 in costs.

---

[12]TrialExhibits, LLC's invoice, which is attached to CNH's Bill of Costs, reflects that the total cost of the eighteen enlargements is $2,805.  (Docket entry #199-2 at 27).  However, the sum of the individual line-item entries that precede this figure total $2,725.  (Docket entry #199-2 at 26-27).

In its Reply, CNH does not shed any light on this discrepancy, other than to state that it "paid $2,805 for the exhibits."  (Docket entry #208 at 4).  CNH also does not respond to Plaintiff's contention that not all of the enlargements were used at trial, or affirmatively state which enlargements, in fact, were used at trial.

Based on the Court's review of the thumbnails of the enlargements (docket entry #199-2 at 26-27), it appears that a majority of the enlargements were used in some fashion at trial. The Court notes that, during trial, the attorneys also had access to an Elmo, a document camera, which they used to enlarge exhibits for presentation to the jury.

Dated this 13th day of May, 2010.

_____
UNITED STATES MAGISTRATE JUDGE